IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
ROXANA ORELLANA SANTOS          *
                                *
v.                              *     Civil Action No. WMN-09-2978
                                *
FREDERICK COUNTY BOARD OF       *
COMMISSIONERS et al.            *
                                *
```

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to Take
Depositions of Defendants Openshaw and Lynch.  ECF No. 171.  The
motion is fully briefed.  Upon review of the parties'
submissions and the applicable case law, the Court determines
that no hearing is necessary, Local Rule 105.6, and that the
motion should be granted.

This action arises out of the seizure and arrest of
Plaintiff Roxana Orellana Santos on October 7, 2008, by two
Deputies in the Frederick County Sheriff Office, Defendants
Jeffrey Openshaw and Kevin Lynch.  On January 7, 2011, Plaintiff
took the depositions of Defendant Charles Jenkins, the Frederick
County Sheriff, and Defendant Openshaw.  Plaintiff deposed
Defendant Lynch on January 13, 2011.  At issue in the pending
motion is whether Plaintiff should be permitted to depose
Defendants Openshaw and Lynch a second time.  Specifically, now
that the Fourth Circuit Court of Appeals has found that the

Deputies violated Plaintiff's constitutional rights and has remanded the case for consideration of Plaintiff's municipal and official-capacity claims, Plaintiff seeks to depose them on issues related to municipal liability.[1]  Plaintiff also seeks to depose the Deputies on issues related to new factual allegations in the Third Amended Complaint, which was filed post-remand.

Under Rule 30(a)(2)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff must obtain leave of court if the parties have not stipulated to the deposition of a deponent who has already been deposed in the case.  In ruling on such a request, the court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)."  Fed. R. Civ. P. 30(a)(2)(A)(ii).  Defendants argue that second depositions of Defendants Openshaw and Lynch would be inconsistent with Rule 26(b)(2)(C)(ii), which provides that "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  The Court concluded that, due to the procedural posture of this action at the time those previous depositions were taken, Plaintiff did not have that ample opportunity to obtain the information from these deponents that she now seeks.

---

[1] Plaintiff has already re-deposed Sheriff Jenkins on these issues, without objection.

There is no dispute that the previous depositions were taken during a period of "limited" discovery pursuant to a ruling of Judge Benson Everett Legg in September of 2010.  Early in this litigation, the issue arose as to whether, when arresting Plaintiff, the Deputies were acting under state or federal law.  In a conference call, memorialized by a subsequent written order, Judge Legg ruled that this case would proceed with a "preliminary period of limited discovery" to explore that issue.  ECF No. 57.  During this period, Plaintiff would be permitted to take the depositions of Sheriff Jenkins and the Deputies and they, in turn, would be able to take the deposition of Plaintiff.  Id.  While Judge Legg prohibited the depositions of the federal defendants during this period of limited discovery, Defendants suggest that he imposed no restrictions on the scope of the depositions of Sheriff Jenkins and the Deputies.

Nevertheless, at the beginning of the deposition of Sheriff Jenkins, counsel put the following agreement on the record:

> MR. KARP [Defendants' counsel]: Before we begin, Counsel has kindly agreed to my request that I put briefly on the record what I believe to be a limitation on today's deposition.  The Court has not limited Plaintiffs in any way, at least expressly, from inquiring of the Sheriff as to certain topics. However, the state of discovery is such that it is my view that until and unless it is determined that the deputies on the scene violated the Plaintiff's constitutional rights, issues concerning [topics related to municipal liability] are irrelevant.

I have asked Counsel if he will forebear from at least
detailed questions on those topics until and unless
those matters are actually at issue in this case, and
while I will not and don't purport to represent what
Counsel, Plaintiff's Counsel's position is on this
topic, I will simply state that circumstances of the
event at issue and anything reasonably collateral
thereto.  Thank you.

MR. HAYES [Plaintiff's counsel]: And we did have a
discussion off the record on this topic, and, as Mr.
Karp said, when we finish with the Sheriff here today
we will suspend the deposition so that should we get
back to these topics, have an opportunity to get back
to the topics later on we'll do it then. And I think
that's what we discussed.

MR. KARP: That's agreed.

Jenkins Dep. at 7-8.  The Court notes that while no similar

agreement was put into the record during the depositions of the

Deputies, the deposition of Sheriff Jenkins was held on the same

day as that of Deputy Openshaw and a week before Deputy Lynch's.

The Court also notes that, after the Fourth Circuit Court

of Appeals remanded this case to this Court for consideration of

Plaintiff's municipal and official capacity claims, Judge

William Quarles rejected an argument similar to the argument

Defendants are making here when he granted, in part, Plaintiff's

motion for leave to file her Third Amended Complaint.  Judge

Quarles characterized Judge Legg's order for limited discovery

as withholding from Plaintiff the opportunity to engage in

discovery on the "broader issues about local policies and

practices relevant to Santos's municipal liability claims."  ECF No. 148 at 14 n.22.

While Judge Legg's discovery order may not have expressly limited the scope of the Deputies' depositions, the record reveals that the parties reasonably understood, and the Court recognized, that discovery on issues related to municipal liability would be deferred until after a finding of individual liability.  Furthermore, there can be no dispute that Plaintiff was unable to explore issues related to the new factual allegations added in the Third Amended Complaint concerning events that occurred after those original depositions. Plaintiff's motion will be granted.

Accordingly, IT IS this 4th day of January, 2017, by the United States District Court for the District of Maryland, ORDERED:

(1) That Plaintiff's Motion for Leave to Take Depositions of Defendants Openshaw and Lynch, ECF No. 171, is GRANTED;

(2) That within seven (7) days of the date of this Order, the parties shall confer about available dates for the depositions of Defendants Openshaw and Lynch; and

(3) That the Clerk of the Court shall transmit a copy of

this Memorandum and Order to all Counsel of Record.


_____/s/_____
William M. Nickerson
Senior United States District Judge